CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marcia Gayle** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **LCAT Enterprises Inc**., a California Corporation; **AVLube Inc**., a California Corporation | |
| Defendants. | |

Plaintiff Marcia Gayle complains of LCAT Enterprises Inc., a California Corporation; and AVLube Inc., a California Corporation; and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She is paraplegic as a result of having polio as a child. She has dexterity issues in her hands. She cannot walk and she uses a wheelchair for mobility.

2. Defendant LCAT Enterprises Inc. owned the real property located at or

1

about 1040 W. Rancho Vista Blvd, Palmdale, California, in August 2020.

3. Defendant LCAT Enterprises Inc. owns the real property located at or about 1040 W. Rancho Vista Blvd, Palmdale, California, currently.

4. Defendant AVLube Inc. owned Jiffy Lube located at or about 1040 W. Rancho Vista Blvd, Palmdale, California, in August 2020.

5. Defendant LCAT Enterprises Inc. owns Jiffy Lube located at or about 1040 W. Rancho Vista Blvd, Palmdale, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Jiffy Lube in August 2020 with the intention to avail herself of its services and to assess the business for compliance with the disability access laws.

11. Jiffy Lube is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible paths of travel in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. Jiffy Lube provides paths of travel to its customers but fails to provide wheelchair accessible paths of travel.

14. A couple of problems that plaintiff encountered is that there is an unramped step at the entrance of Jiffy Lube and the path of travel to the restroom was too narrow.

15. Plaintiff believes that there are other features of the paths of travel that likely fail to comply with the ADA Standards and seeks to have fully compliant paths of travel available for wheelchair users.

16. On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel.

17. Additionally, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible restrooms in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

18. Jiffy Lube provides restrooms to its customers but fails to provide wheelchair accessible restrooms.

19. A few problems that plaintiff encountered is that the restroom mirror and disposable toilet seat cover dispenser were too high. Additionally, there

was no clear floor space in front of the disposable toilet seat cover dispenser because it was mounted on the wall behind the toilet. Moreover, the flush control for the accessible toilet was not mounted on the wide or open side of the toilet. Finally, the plumbing underneath the sink was not properly wrapped to protect against burning contact.

20. Plaintiff believes that there are other features of the restrooms that likely fail to comply with the ADA Standards and seeks to have fully compliant restrooms available for wheelchair users.

21. On information and belief, the defendants currently fail to provide wheelchair accessible restrooms.

22. Moreover, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible sales counters in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

23. Jiffy Lube provides sales counters to its customers but fails to provide wheelchair accessible sales counters.

24. A problem that plaintiff encountered was that the sales counter was too high and there was no lowered portion of the sales counter suitable for wheelchair users.

25. Plaintiff believes that there are other features of the sales counters that likely fail to comply with the ADA Standards and seeks to have fully compliant sales counters available for wheelchair users.

26. On information and belief, the defendants currently fail to provide wheelchair accessible sales counters.

27. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

28. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

Complaint

29. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

30. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

31. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

32. Plaintiff will return to Jiffy Lube to avail herself of its services and to determine compliance with the disability access laws once it is represented to him that Jiffy Lube and its facilities are accessible. Plaintiff is currently deterred from doing so because of her knowledge of the existing barriers and her uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

33. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

34. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

35. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

1      with disabilities. 42 U.S.C. § 12183(a)(2).

2      36. When a business provides paths of travel, it must provide accessible

3      paths of travel.

4      37. Here, accessible paths of travel have not been provided in conformance

5      with the ADA Standards.

6      38. When a business provides facilities such as restrooms, it must provide

7      accessible restrooms.

8      39. Here, accessible restrooms have not been provided in conformance with

9      the ADA Standards.

10     40. When a business provides facilities such as sales or transaction counters,

11     it must provide accessible sales or transaction counters.

12     41. Here, accessible sales or transaction counters have not been provided in

13     conformance with the ADA Standards.

14     42. The Safe Harbor provisions of the 2010 Standards are not applicable

15     here because the conditions challenged in this lawsuit do not comply with the

16     1991 Standards.

17     43. A public accommodation must maintain in operable working condition

18     those features of its facilities and equipment that are required to be readily

19     accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20     44. Here, the failure to ensure that the accessible facilities were available

21     and ready to be used by the plaintiff is a violation of the law.

22

23     **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

24     **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

25     Code § 51-53.)

26     45. Plaintiff repleads and incorporates by reference, as if fully set forth

27     again herein, the allegations contained in all prior paragraphs of this

28     complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

Complaint

that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

47. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Complaint

Dated: November 5, 2020        CENTER FOR DISABILITY ACCESS

By:

_____

Russell Handy, Esq.
Attorney for plaintiff

9

Complaint